**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-1559**

_____

ALEXANDRA Y. ROMERO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted:  May 1, 2024                    Decided:  May 22, 2024

_____

Before AGEE and RUSHING, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Petition denied by unpublished per curiam opinion.

_____

**ON BRIEF:**   Tamara L. Jezic, JEZIC & MOYSE, LLC, Wheaton, Maryland, for Petitioner.  Brian M. Boynton, Principal Deputy Assistant Attorney General, Erica B. Miles, Assistant Director, Duncan T. Fulton, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alexandra Y. Romero, a native and citizen of El Salvador, petitions for review of the order of the Board of Immigration Appeals ("Board") dismissing her appeal from the immigration judge's ("IJ") decision denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We deny the petition for review.

We will affirm the agency's determination of the applicant's eligibility for asylum or withholding of removal if it is supported by substantial evidence on the record considered as a whole. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). "[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Legal issues are reviewed de novo. *Li Fang Lin v. Mukasey*, 517 F.3d 685, 691-92 (4th Cir. 2008). "When an applicant claims that she fears persecution by a private actor, she must also show that the government in her native country is unable or unwilling to control her persecutor." *Diaz de Gomez v. Wilkinson*, 987 F.3d 359, 365 (4th Cir. 2021) (internal quotation marks omitted); *see also Mulyani v. Holder*, 771 F.3d 190, 197-98 (4th Cir. 2014) (noting that it is the petitioner's burden to show that the government was unable or unwilling to control the private persecutors). We have reviewed the record and considered Romero's claims and conclude that substantial evidence supports the agency's finding that Romero did not meet her burden of showing that the Salvadoran government was unable or unwilling to control her persecutor.

2

To qualify for CAT protection, the applicant must show that it is more likely than not she will be tortured in El Salvador. *See* 8 C.F.R. § 1208.16(c)(2). The likelihood of torture need not be linked to a protected ground. *Zelaya v. Holder*, 668 F.3d 159, 167 (4th Cir. 2012). Torture is defined as (1) "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person" in a manner that is (2) "by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). "Acquiescence of a public official requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." 8 C.F.R. § 1208.18(a)(7). "The official or officials need not have actual knowledge of the torture; it is enough if they simply turn a blind eye to it." *Mulyani*, 771 F.3d at 200 (internal quotation marks omitted). We have considered Romero's claims and conclude that the agency's findings are supported by substantial evidence and there is no legal error.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*